UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

___

KENYATTA CURSEY,

        Plaintiff,

v.                                                       Case No. 21-cv-0906-bhl

ZACHARY SCHROEDER,

        Defendant.

___

## DECISION AND ORDER
___

      Plaintiff Kenyatta Cursey, who is incarcerated at the Redgranite Correctional Institution, is representing himself in this 42 U.S.C. §1983 case. On July 19, 2022, Defendant filed a motion for summary judgment along with a supporting brief, proposed findings of fact, and four declarations with attached exhibits. Defendant also filed a motion to restrict access to large portions of his proposed findings of fact, the declarations and supporting exhibits, Cursey's psychological records, and a restricted Department of Corrections (DOC) policy. Dkt. No. 36. The only document the motion does *not* seek to restrict access to is Defendant's brief. Because Defendant's request is grossly overbroad and fails to comply with the Court's local rules, the motion will be denied.

      Under Gen. L. R. 79(d)(4), "[a]ny party seeking to restrict access to documents or materials . . . must include in the motion a certification that the parties have conferred in a good faith attempt to avoid the motion or to limit the scope of the documents or material subject to sealing under the motion." And, as noted in the Committee Comment to the rule, motions to restrict access to material "should be limited to that portion of the material necessary to protect the movant from the harm that may result from disclosure." In other words, "the fact that a single page or a paragraph of a document contains confidential material will not support a motion to seal the entire document." Rule 79(d) is

limited in this manner because of the strong presumption of public disclosure of documents and materials that will influence and underpin a Court's decisions. *See Baxter Intern., Inc. v. Abbott Laboratories*, 297 F.3d 544, 545 (7th Cir. 2002). Simply asserting "the document must be kept confidential because we say so" is insufficient. *Id.* at 547. A moving party must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations. . . . Motions that simply assert a conclusion without the required reasoning [] have no prospect of success." *Id.* at 548.

Defendant's motion does not include the required certification that he conferred with Cursey to limit the scope of the material that will be restricted. Defendant's motion could be denied on that basis alone. But the motion is deficient for other, more significant reasons as well. Defendant seeks to restrict access to nearly all materials he filed in support of his summary judgment motion. To justify this sweeping request, he explains that *some* of the materials include Prison Rape Elimination Act (PREA)-related documents that reference individuals who are not parties to this lawsuit. He also notes that he is relying on a policy to which the DOC restricts access.

As to the PREA material that references non-party inmates, Defendant does not explain why it is necessary to redact entire paragraphs and documents in which the non-party inmates' names appear rather than redacting only their names. As the Committee Comment to Rule 79 makes clear, the fact that a person's name should be kept confidential does not mean the entire paragraph or document in which that name appears should be kept from the public. The Court has reviewed the materials in which the non-party inmates' names appear, and it is not obvious why redacting only their names would be insufficient to protect them from harm of disclosure. As such, Defendant has not supported his request for the overbroad redactions he seeks.

As to the Defendant's reliance on the DOC's restricted access policy, the Court reminds Defendant that the DOC's designation does not bind the Court. The policy in question sets forth the

2

procedure by which inmate PREA complaints will be evaluated. Defendant does not explain: (1) why DOC has restricted access to this policy; or (2) how public disclosure of this *particular* policy "could be used to compromise institutional security or manipulate DOC staff members." As the Seventh Circuit has previously noted, simply asserting a document must be kept confidential without a detailed explanation is insufficient.

Finally, Defendant undermines his own assertion that such comprehensive redactions are necessary by restating all his proposed findings of fact (which parrot the declarations) in his supporting brief without seeking to restrict access to the brief. *See* Dkt. No. 35. It would make no sense for the Court to grant Defendant's motion to restrict access to his proposed findings of fact and the supporting declarations only to have those very assertions accessible in Defendant's brief.

Based on the foregoing, the Court will deny Defendant's motion to seal without prejudice. Defendant will be afforded an opportunity to renew his motion to remedy the deficiencies outlined in this decision. If the Court does not receive a renewed motion along with revised proposed redactions by **October 4, 2022**, the Court will allow the public to access the documents currently filed under seal (Dkt. Nos. 37-41). In the meantime, access to those documents will remain restricted to the Court and the parties.

**IT IS THEREFORE ORDERED** that Defendant's motion to seal (Dkt. No. 36) is **DENIED without prejudice**. Defendant may file a new motion along with revised proposed redactions by **October 4, 2022**. In the meantime, access to Dkt. Nos. 37-41 will remain restricted to the Court and the parties. If the Court does not receive a renewed motion by the deadline, the Court will allow the pubic to access the documents currently filed under seal.

Dated at Milwaukee, Wisconsin on September 14, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
